IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-cv-105-BO

| | | |
|---|---|---|
| CHARLOTTE N. AKEN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| U.S. SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
|     Defendant. | ) | |

This cause comes before the Court on plaintiff's motion for reversal of the decision of the Administrative Law Judge [DE 18] and defendant's motion for judgment on the pleadings [DE 19]. For the reasons discussed below, plaintiff's motion [DE 18] is DENIED and defendant's motion [DE 19] is GRANTED.

## BACKGROUND

Plaintiff brought this *pro se* action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her applications for a period of disability, disability insurance benefits, and supplemental security income. Plaintiff filed her applications in August 2016. After initial denials, plaintiff was given a hearing before an Administrative Law Judge (ALJ). In January 2019, the ALJ issued an unfavorable ruling, finding plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal

standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a

Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

Here, plaintiff argues the ALJ failed to find that she had Ehlers-Danlos syndrome, failed to take into account the severity of her hemiplegic migraines, and failed to find that her degenerative disc disease was a severe impairment. *See* DE 18. Plaintiff also makes several arguments regarding the severity of her conditions and the negative impact they have on her life.

With respect to each of the aforementioned conditions, the ALJ considered the record evidence and explained her reasoning. *See* Tr. 248–54. These explanations were sufficient to permit meaningful review and this Court does not sit to reweigh the evidence or make credibility determinations. *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard was applied. Accordingly, plaintiff's motion for the Court to reverse the ALJ decision [DE 18] is DENIED and defendant's motion for judgment on the pleadings [DE 19] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this 16 day of March, 2020.

_____
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE